# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### McALLEN DIVISION

| | | |
|---|---|---|
| NEW LIFE ADULT DAY CARE | § | |
| | § | |
| VS. | § | CIVIL NO. 7:17-cv-361 |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | |

*on Removal from:*

### CAUSE NO. C-4098-17-D

| | | |
|---|---|---|
| NEW LIFE ADULT DAY CARE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | 206TH JUDICIAL DISTRICT |

## EXHIBIT 5

## Documents Filed in State Court

| Index | | |
|---|---|---|
| | Document | Filed |
| A | Plaintiff's Original Petition | 8/31/17 |
| B | Defendant's Original Answer | 9/21/17 |
| C | Defendant's Notice of Removal to Federal Court | 9/21/17 |

# EXHIBIT 5-A

Electronically Filed
8/31/2017 5:20 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-4098-17-D**

| | | |
|---|---|---|
| **NEW LIFE ADULT DAY CARE** | § | **IN THE DISTRICT COURT** |
|     Plaintiff | § | |
| | § | |
| **VS.** | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANIES** | § | |
|     Defendant | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, **New Life Adult Day Care** (herein "Plaintiff"), and files this Original Petition complaining of Defendant, **Philadelphia Insurance Companies** "Insurer," and for cause of action shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190.4.

### II. PARTIES

2.    **Plaintiff, New Life Adult Day Care** is a Texas entity located at 2138 E. Griffith Pkwy Mission, Hidalgo County, Texas.

3.    **Defendant, Philadelphia Indemnity Insurance Company** is an insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested at CY Corporation System, 1999 Bryan St. Suite 900, Dallas, Texas 75201-3136.

### III. VENUE AND JURISDICTION

4.    Suit is proper in Hidalgo County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located

Electronically Filed
8/31/2017 5:20 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4098-17-D**

in Hidalgo County, Texas. TEX.CIV.P.REM. CODE §15.002 (a)(1).  Further, the contract upon which this suit is based was executed in Hidalgo County, Texas.  TEX.CIV.P.REM. CODE §15.035(b).

## IV. FACTUAL BACKGROUND

5.    Insurer issued an insurance policy naming Plaintiff as the insured and providing coverage for direct physical loss caused by windstorm or hail to the property located at 2138 E. Griffith Pkwy Mission, Hidalgo County, Texas. Pursuant to the terms of the policy, numbered PHPK13652584, Plaintiff had insurance protection on the dwelling and on any personal property for any and each such loss resulting from windstorm and hail damage. The building insured by Philadelphia Indemnity Insurance Company pursuant to the insurance contract sustained damage as the result of a storm which struck the Hidalgo County area on or about May 31, 2016 during the policy period.  The wind and hail storm created openings in the roof and building envelope, through which rain entered and caused extensive damage. Further, the storm caused damage to the Plaintiff's roof, the exterior, the interior, among other building elements, all of which were covered damage under the policy of insurance.  Thereafter, the insurer conducted a pretextual and faulty investigation. Philadelphia Indemnity Insurance Company underpaid Plaintiff's property damage claim even though liability for such damages was reasonably clear.

6.    Insured wrongfully denied and/or underpaid Plaintiff's claim under the policy. Plaintiff seeks a declaration that their claimed losses are covered occurrences under the Policy and seek damages for her insurer's wrongful denial.

7.    Plaintiff hired the undersigned attorneys to pursue the matter following their insurer's mishandling of the claim.  After an investigation was completed on behalf of Plaintiff, a written demand for payment was made.  To date, Insurer has failed and refused to pay Plaintiff

2

Electronically Filed
8/31/2017 5:20 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4098-17-D**

for her attorney's fees, expenses and mental anguish in having to pursue that which she is entitled under the policy of insurance.

## V. CAUSES OF ACTION

### A.   BREACH OF CONTRACT

8.   Plaintiff incorporates each of the previous allegations set forth herein.

9.   Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff's losses under the Policy.

10.   Insurer failed and refused to pay the value of the Plaintiff's claims, thereby materially breaching the Policy and causing Plaintiff to suffer those losses together with other harm as described further in this petition.

### B.   TEXAS INSURANCE CODE VIOLATIONS

11.   Plaintiff incorporates each of the previous allegations set forth herein.

12.   More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Section 541 and 542, et seq. was sent to Defendant insurer. All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, her insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by her insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

13.   In mishandling these claims and failing to provide significant evidence to support their position, Insurer has violated the following sections of the Texas Insurance Code:

3

Electronically Filed
8/31/2017 5:20 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4098-17-D

541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;

541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

(3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff damages.

Plaintiff further seeks interest and attorney's fees under Section 542.060 of the Texas Insurance Code for Defendant insurer's violations.

## C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AND FIDUCIARY DUTIES

14. Plaintiff incorporates each of the previous allegations set forth herein.

15. From and after the time Plaintiff's claim was presented to their insurer, liability to

4

Electronically Filed
8/31/2017 5:20 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4098-17-D

pay the claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance or risk management company would have relied to adjust Plaintiff's claim, Insurer refused to accept the claim payable to Plaintiff as the Policy required. Despite losses clearly identified by Plaintiff, insurer underpaid each and every part of Plaintiff's claim.

16.     At that time, Defendant insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.  In this regard, Defendant insurer failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

17.     Consequently, Insurer breached its duty to deal fairly and in good faith with the Plaintiff. The breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff. Insurer also breached their fiduciary duties to Plaintiff that arose out of the special relationship that existed between the parties causing damages to the Plaintiff.

## VI.  ACTUAL DAMAGES AND TREBLING OF DAMAGES

18.     Plaintiff incorporates each of the previous allegations set forth herein

19.     Insurer's conduct as described above was a producing cause of Plaintiff's economic damages. As a result, Plaintiff sustained damages in an amount in excess of the minimum jurisdiction.

20.     These acts and omissions on Defendant insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

21.     Consequently, Plaintiff requests that the trier of fact award to it additional damages of up to three (3) times the sum of actual damages suffered.

5

Electronically Filed
8/31/2017 5:20 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4098-17-D**

## VII. RULE 47(c) STATEMENT

22.    In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff pleads that the relief she seeks is monetary in nature, over $200,000.00 but not more than $1,000, 000.00

23.    Plaintiff incorporates each of the previous allegations set forth herein.

24.    Insurer's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorneys whose names are subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts. Plaintiff has presented their claim for attorney's fees, but insurer chose to ignore it. Thus, Plaintiff requests attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq. and the Texas Insurance Code.

## VIII. CONDITIONS PRECEDENT

25.    All of the conditions precedent to bringing this suit and to Insurer's liability under the Policy for the claims alleged have been performed or have occurred.

## IX. JURY DEMAND

26.    Plaintiff respectfully requests trial of this cause before a Hidalgo County jury.

## X. INITIAL DISCLOSURES

27.    Plaintiff requests that Defendant disclose the information listed in Texas Rule of Civil Procedure 194.2 within 50 days of being served with this Petition.

## XI. PRAYER

**WHEREFORE,** Plaintiff requests that Philadelphia Indemnity Insurance Company be cited to appear and answer, and that on final trial, Plaintiff have the following:

Electronically Filed
8/31/2017 5:20 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4098-17-D**

a.     Judgment against the Insurer for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b.     By reason of Insurer's knowing and intentional conduct, treble damages as allowed by the Texas Insurance Code;

c.     18% interest, as allowed by the Texas Insurance Code for violation of the Prompt Payment of Claims statute;

d.     Prejudgment interest as provided by law;

e.     Postjudgment interest as provided by law;

f.     Attorney's fees;

g.     Costs of suit; and

h.     All other relief to which Plaintiff may show herself entitled, either at law or in equity, either general or special, under the facts set forth in their claims.

Respectfully submitted,

**MILLIN & MILLIN, PLLC**
4107 North 22nd Street
McAllen, Texas 78504
Tel: (956) 631-5600
Fax: (956) 631-5605

/s/ JOHN A. MILLIN IV
JOHN A. MILLIN IV
State Bar No24005166
*Attorney for Plaintiff*

7

# EXHIBIT 5-B

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

CAUSE NO. C-4098-17-D

| | | |
|---|---|---|
| NEW LIFE ADULT DAY CARE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | 206TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

**Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff, New Life Adult Day Care, Inc. ("Plaintiff"), and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

.

---

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

## II.

### AFFIRMATIVE DEFENSES

By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff:

1.     With respect to the claims Plaintiff has brought against Defendant for allegedly violating provisions of chapter 541 of the Texas Insurance Code, Defendant alleges that Plaintiff is barred from asserting such claims by reason of its failure to provide written notice of such claims, at least 60 days before filing suit, in accordance with section 541.154(b) of the Insurance Code.

2.     Pleading further and in the alternative, with respect to the claims Plaintiff has brought against Defendant for allegedly violating provisions of chapter 541 of the Texas Insurance Code and for breaching the common law duty of good faith and fair dealing, Defendant alleges that a *bona fide* dispute exists, precluding liability and Plaintiff's recovery of damages under these extra-contractual theories. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

3.     Pleading further and in the alternative, Defendant alleges that Plaintiff's claim that Defendant is liable under the Texas Insurance Code for "knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue" fails because the language of an insurance policy controls and the insured has a duty to read and be familiar with the terms of his

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

own insurance policy. *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App.—El Paso 1996), *aff'd*, 966 S.W.2d 482 (Tex. 1998). Further, an insured is bound to the terms of the policy whether he reads it or not. *Howard v. Burlington Ins. Co.*, 347 S.W.3d at 792 (citing *Manion v. Security Nat'l Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, *3 (Tex. App.—Corpus Christi Aug. 15, 2002, no pet.)); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.).

4.     Pleading further and in the alternative, with respect to Plaintiff's allegations "of waiver or estoppel as to every defense or exclusion pleaded by her [sic] insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant," Defendant affirmatively pleads that coverage under a policy of insurance cannot be created by waiver or estoppel. *Ulico Cas. Co. v. Allied Pilots Assn.*, 262 S.W.3d 773, 778-79 (Tex. 2008) (citing *Farmers Tex. County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.)).

5.     Pleading further and in the alternative, Defendant alleges that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss. *Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010); *All Saints Catholic Church v.*

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

*United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.); *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

6.     Pleading further and in the alternative, Defendant asserts the defenses of waiver and estoppel as provided under applicable law.

7.     Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

8.     Pleading further, and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under the terms and provisions of the policy of insurance Defendant issued to Plaintiff, and that any damages Plaintiff suffered by such failure to mitigate are therefore barred.

9.     Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance Defendant issued to Plaintiff under number PHPK1362585, including but not limited to the following:

a.   *Building and Personal Property Coverage Form* (CP 00 10 10 00), modified by the *Texas Changes* endorsement (CP 01 42 01 11):

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

---

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

**3.   Covered Causes Of Loss**

See applicable Causes of Loss Form as shown in the Declarations.

**B.  Exclusions and Limitations**

See applicable Causes of Loss Form as shown in the Declarations.

**E.  Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Policy Conditions.

**3.   Duties In The Event Of Loss Or Damage**

**a.**  You must see that the following are done in the event of loss or damage to Covered Property:

**(2)**  Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)**  As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)**  Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance. However, we will not pay for subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if possible, set the damaged property aside and in the best possible order for examination.

**(5)**  At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, cost, values, and amount of loss claimed.

**(6)**  As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records....

**(7)**  Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

**(8)**  Cooperate with us in the investigation or settlement of the claim.

---

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

4. **Loss Payment**

    a.    In the event of loss or damage covered by this Coverage Form, at our option, we will either:

        (1)  Pay the value of lost or damaged property;

        (2)  Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

        (3)  Take all or any part of the property at an agreed or appraised value; or

        (4)  Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

        We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

    b.    The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

b.   *Causes of Loss – Special Form* (CP 10 30 10 00):

    **A.**  **Covered Causes of Loss**

        When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

        1.   Excluded in Section **B.**, Exclusions; or

        2.   Limited in Section **C.**, Limitations;

        that follow.

    **B.**  **Exclusions**

        2.   We will not pay for loss or damage caused by or resulting from any of the following:

           d.  **(1)** Wear and tear;

               **(2)** Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

               **(3)** Settling, cracking, shrinking or expansion;

           f.   Continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more.

---

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

   **m.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**3.** We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c.  But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

   **c.** Faulty, inadequate or defective:

   **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

   **(3)** Materials used in repair, construction, renovation or remodeling, or

   **(4)** Maintenance;

   of part or all of any property on or off the described premises.

## C.  Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

**1.** We will not pay for loss or damage to property, as described and limited in this section.  In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

   **c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

   **(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, ice, sand or dust enters; or

   **(2)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

c.  *Commercial Property Conditions* endorsement (CP 00 90 07 88),

modified by the *Texas Changes* endorsement (CP 01 42 03 12):

## D.  LEGAL ACTION AGAINST US

   **a.** Except as provided in Paragraph **b.**, no one may bring a legal action against us under this Coverage Part unless:

---

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

**(1)** There has been full compliance with all of the terms of the Coverage Part . . .

**b.** With respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this Coverage Part unless:

**(1)** There has been full compliance with all of the terms of the Coverage Part; and

**(2)** The action is brought within the earlier of the following:

**(a)** Two years and one day from the date we accept or reject the claim; or

**(b)** Three years and one day from the date of the loss or damage that is the subject of the claim.

**H. POLICY PERIOD, COVERAGE TERRITORY**

Under this Coverage Part:

**1.** We cover loss or damage commencing

**a.** During the policy period shown in the Declarations....

**d.** *Texas Period To File A Claim Or Bring Legal Action Against Us Notice –Windstorm Or Hail – Catastrophe Area* (IL N 178 03 13):

In accordance with Texas Insurance Code Section 2301.010(f), we are notifying you that:

**1.** With respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area, as defined by the Texas Insurance Code, any claim must be filed with us not later than one year after the date of the loss or damage that is the subject of the claim, except that a claim may be filed after the first anniversary of the date of the loss or damage for good cause shown by the person filing the claim; and

**2.** Any legal action brought against us under the policy for loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area, as defined by the Texas Insurance Code, must be brought within the earlier of the following:

**a.** Two years and one day from the date we accept or reject the claim; or

**b.** Three years and one day from the date of the loss or damage that is the subject of the claim.

---

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

e.  *Texas – Limitations On Fungus, Wet Rot, Dry Rot And Bacteria* endorsement (Form CP 01 62 06 02):

**A.**  The following exclusion is added.  With respect to the loss or damage addressed therein, this exclusion supersedes any other exclusion which addresses fungus.

**"Fungus", Wet Rot, Dry Rot And Bacteria**

We will not pay for loss or damage caused directly or indirectly by the presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

But if "fungus", wet or dry rot or bacteria results in:

**1.**  A "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss", if the Causes Of Loss – Special Form applies;

**2.**  A Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss, if the Cause of Loss – Basic Form, Covered Cause of Loss – Broad Form or Standard Property Policy applies.

This exclusion does not apply:

**1.**  When "fungus", wet or dry rot or bacteria results from fire or lightning; or

**2.**  To the extent that coverage is provided in the Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria with respect to loss or damage by a cause of loss other than fire or lightning.

**B.**  The following exclusion replaces any exclusion pertaining to continuous or repeated seepage or leakage of water; and supersedes any other exclusion, preclusion of coverage or exception to an exclusion pertaining to the leakage or discharge of water or steam from a system or appliance.

We will not pay for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

**C.**  The following is added:

**Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria**

**1.**  The coverage described in **C.2.** and **C.6.** only applies when the "fungus", wet or dry rot or bacteria is the result of one or

---

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

   a. A "specified cause of loss" other than fire or lightning", if the Causes Of Loss – Special Form applies;

   b. A Covered Cause of Loss other than fire or lightning", if the Cause of Loss – Basic Form, Covered Cause of Loss – Broad Form or Standard Property Policy applies.

2. We will pay for loss or damage by "fungus", wet or dry rot or bacteria. As used in this Limited Coverage, the term loss or damage means:

   a. Direct physical loss or damage to Covered Property caused by "fungus", wet or dry rot or bacteria, including the cost of removal of the "fungus", wet or dry rot or bacteria;

   b. The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus", wet or dry rot or bacteria; and

   c. The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus", wet or dry rot or bacteria are present.

3. The coverage described under **C.2.** of this Limited Coverage is limited to $15,000. Regardless of the number of claims, this limit is the most we will pay for the total of all loss or damage arising out of all occurrences described in **C.1.**, which take place in a 12-month period (starting with the beginning of the present annual policy period). With respect to a particular occurrence of loss which results in "fungus", wet or dry rot or bacteria, we will not pay more than a total of $15,000 even if the "fungus", wet or dry rot or bacteria continues to be present or active, or recurs, in a later policy period.

f. *Windstorm or Hail Percentage Deductible* endorsement (CP 03 21 06 95):

   This endorsement modifies coverage provided under the following:
   BUILDING AND PERSONAL PROPERTY COVERAGE FORM
   SCHEDULE

---

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

| Premises No. | Bldg. No. | Windstorm or Hail Deductible Percentage (enter 1%, 2% or 5%) |
|---|---|---|
| 0001 | 0001 | 5% |
| 0002 | 0001 | 5% |
| 0003 | 0001 | 2% |
| 0004 | 0001 | 5% |

The Windstorm or Hail Deductible, as shown in the Schedule, applies to loss or damage to Covered Property, caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage. If loss or damage from a covered weather condition other than Windstorm or Hail occurs, and the loss or damage would not have occurred but for the Windstorm or Hail, such loss or damage shall be considered to be caused by Windstorm or Hail and therefore part of the Windstorm of Hail occurrence.

With respect to Covered Property at a location identified in the Schedule, no other deductible applies to Windstorm or Hail.

The Windstorm of Hail Deductible applies whenever there is an occurrence of Windstorm or Hail.

As used in this endorsement the terms "specific insurance" and "blanket insurance" have the following meanings. Specific insurance covers each item of insurance (for example, each building or personal property in a building) under a separate Limit of Insurance. Blanket insurance covers two or more items of insurance (for example a building and personal property in that building or two buildings) under a single Limit of Insurance. Items of insurance and corresponding Limit(s) of Insurance are shown in the Declarations.

## WINDSTORM OR HAIL DEDUCTIBLE CLAUSE

**A.** All Policies

1. A deductible is calculated separately for, and applies separately to:

   **a.** Each building, if two or more buildings sustain loss or damage;

   **b.** The building and to personal Property in that building, if both sustain loss or damage;

   **c.** Personal property at each building, if personal property at two or more buildings sustains loss or damage;

   **d.** Personal Property in the open.

2. We will not pay for loss or damage until the amount of loss or damage exceeds the applicable Deductible. We

---

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

will then pay the amount of loss or damage in excess of that Deductible up to the applicable Limit of Insurance, after any reduction required by any of the following: Coinsurance Condition, Agreed Value Option Coverage, Additional Condition – Need for Adequate Insurance or Additional Condition – Need for Full Reports.

10.    Pleading further and in the alternative, Defendant would show that Plaintiff's damages, if any, are capped by the $127,200 limits of insurance set forth in the policy of insurance Defendant issued to Plaintiff for the building that forms the basis of this action.

11.    Pleading further and in the alternative, Defendant pleads the applicability of the excessive demand doctrine, which precludes Plaintiff from recovering the fees and expenses of its attorney in this action. *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).

<u>**PRAYER**</u>

Based on the foregoing, Defendant Philadelphia Indemnity Insurance Company, having fully answered, prays that upon final hearing and trial, the claims and causes of action Plaintiff New Life Adult Day Care, Inc. has brought against such Defendant be dismissed with prejudice, that Plaintiff take nothing by its claims and causes of action, and that such Defendant obtain such other relief and further relief to which it may be justly entitled.

Electronically Filed
9/21/2017 1:50 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**


By:_____/s/   William R. Pilat_____
        William R. Pilat
        Texas Bar No. 00788205
        Email: wpilat@krcl.com
        Andrew J. Mihalick
        Texas Bar No. 24046439
        Email:  amihalick@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:   713-425-7700

        Liza Vasquez-Garza
        Texas Bar No. 00797595
        Email: lvgarza@rofllp.com com
**ROERIG, OLIVEIRA & FISHER, L.L.P.**
10225 North Tenth Street
McAllen, Texas  78504-9347
Telephone:  956-393-6300
Facsimile:   956-386-1625


## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2017, a true and correct copy of the foregoing *Original Answer* was served upon all other counsel of record, as listed below, by filing this instrument with the electronic service provider for the Tarrant County District Court:

        John A. Millin IV
        MILLIN & MILLIN, PLLC
        4107 North 22nd Street
        McAllen, Texas 78504


                _____/s/   William R. Pilat_____
                William R. Pilat

# EXHIBIT 5-C

## CAUSE NO. C-4098-17-D

| | | |
|---|---|---|
| NEW LIFE ADULT DAY CARE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | 206TH JUDICIAL DISTRICT |

---

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

---

TO THE HONORABLE JUDGE OF THIS COURT:

PLEASE TAKE NOTICE that pursuant to federal law, **Philadelphia Indemnity Insurance Company**, a Defendant in the above-numbered and entitled cause, has filed with the Clerk of the United States District Court for the Southern District of Texas, McAllen Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit "A,"** and that as of this date, September 21, 2017, this action is removed to the United States District Court for the Southern District of Texas for trial. This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: _/s/   William R. Pilat_
    William R. Pilat
    State Bar No. 00788205
    Email:  wpilat@krcl.com
    Andrew J. Mihalick
    State Bar No. 24046439
    Email:  amihalick@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700

    Liza Vasquez-Garza
    Texas Bar No. 00797595
    Email: lvgarza@rofllp.com com
**ROERIG, OLIVEIRA & FISHER, L.L.P.**
10225 North Tenth Street
McAllen, Texas  78504-9347
Telephone:  956-393-6300
Facsimile:  956-386-1625

**ATTORNEYS FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I certify that on September 21, 2017, a true and correct copy of the foregoing *Notice of Removal to Federal Court* was forwarded to all other counsel of record, as listed below, via e-Filing with the electronic service provider for the Hidalgo County District Courts:

    John A. Millin IV
    MILLIN & MILLIN, PLLC
    4107 North 22nd Street
    McAllen, Texas 78504

               _/s/   William R. Pilat_
               William R. Pilat

---